*645 The Court has authority to order such in rem relief under 11 U.S.C. § 105(a) and by analogous authority under 11 U.S.C. § 362(d)(4). Section 362(d)(4) states:
On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay-
...
(4) with respect to a stay of an act against real property under subsection (a), by a creditor whose claim is secured by an interest in such real property, if the court finds that the filing of the petition was part of a scheme to delay, hinder, or defraud creditors that involved either-
(A) transfer of all or part ownership of, or other interest in, such real property without the consent of the secured creditor or court approval; or
(B) multiple bankruptcy filings affecting such real property.
Section 362(d)(4) does not literally apply here, because the Court is not acting on the motion of a secured creditor. But when combined with § 105(a), § 362(d)(4) does lend support, by analogy, to the in rem relief being granted here. Drawing on the words of § 362(d)(4), it is obvious to this Court that in this case, the "filing of the petition was part of a scheme to delay, hinder , or defraud creditors that involved ... multiple bankruptcy filings affecting ... real property." (Emphasis added). This abuse of the bankruptcy system must not continue.
For these reasons, the Court will enter an order granting the relief described.